UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHANIEL DIXSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-00233-JMS-MPB ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Order, Nathaniel Dixson's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. Legal Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

In November 2017, Mr. Dixson was charged with one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. *United States v. Dixson*, 1:17-cr-00222-JMS-TAB-04 ("Crim. Dkt."), dkt. 1. A few months later, the United States filed an Information under 21 U.S.C. § 851(a) alleging that Mr. Dixson had a prior conviction under Indiana state law for possession of cocaine. Crim. Dkt. 158.

In July 2018, Mr. Dixson executed a petition to enter plea of guilty and plea agreement. Crim. Dkt. 219. Under the terms of the plea agreement, which was binding on the Court under Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Dixson agreed to plead guilty to conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine.[1] *Id.* at ¶ 1. He acknowledged that the prior conviction identified in the Information subjected him to a mandatory minimum ten-year term of imprisonment under 21 U.S.C. § 841(b)(1)(B) (eff. Aug. 3, 2010 to Dec. 20, 2018), and he agreed to that term of imprisonment. *Id.* at ¶¶ 2, 9.

Mr. Dixson's plea agreement contained the following waiver:

> **17. Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. . . . As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

*Id.* at ¶ 17.

The Court conducted a change of plea hearing for Mr. Dixson in October 2018. Crim. Dkt. 486 (minute entry); Crim. Dkt. 1456 (transcript). After finding that a factual basis for the guilty

---

[1] The United States filed a superseding indictment charging Mr. Dixson with one count of conspiracy to distribute controlled substances in September 2018. Crim. Dkt. 280. After the Court accepted Mr. Dixson's guilty plea and sentenced him, the United States moved to dismiss the superseding indictment. Crim. Dkt. 504.

plea existed and that Mr. Dixson voluntarily pleaded guilty, the Court accepted Mr. Dixson's guilty plea. Crim. Dkt. 1456 at 21-22. The Court sentenced Mr. Dixson in accordance with the plea agreement and entered judgment on December 12, 2018. Crim. Dkt. 504 (minute order for sentencing hearing); Crim. Dkt. 511 (judgment).

Mr. Dixson filed this motion for relief pursuant to § 2255 in January 2020. Dkt. 1.

### III. Discussion

Mr. Dixson asks the Court to resentence him without applying the ten-year statutory mandatory minimum sentence because his prior conviction for possession of cocaine no longer qualifies as a "felony drug offense" for purposes of § 841(b)(1)(B). Dkt. 1 at 4; dkt. 2 at 2-3. In response, the United States contends that Mr. Dixson is procedurally barred from relief because: 1) he waived his ability to file a § 2255 motion in his plea agreement; 2) his § 2255 motion is untimely; and 3) he procedurally defaulted his claim. Dkt. 15 at 7. As explained below, Mr. Dixson waived his right to file a § 2255 motion and thus is not entitled to the relief he seeks.

"A defendant may waive his right to challenge his sentence on collateral review through a plea agreement, assuming such waiver is knowing and voluntary." *Plunkett v. Sproul*, 16 F.4th 248, 253 (7th Cir. Oct. 20, 2021). Courts generally enforce a waiver "if its terms are express and unambiguous and the record shows it was knowing and voluntary." *United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021); *see also Plunkett*, 16 F.4th at 254-56 (dismissing petition for a writ of habeas corpus under 28 U.S.C. § 2241, concluding that the petitioner's claim fell within the scope of the waiver in his plea agreement and that his plea was knowing and voluntary). Accordingly, the Court turns to whether Mr. Dixson's § 2255 motion must be dismissed because his claim falls within the scope of the plea waiver and his plea was knowing and voluntary.

### A. Scope of Plea Waiver

Courts interpret plea agreements "according to ordinary principles of contract law." *United States v. Galloway*, 917 F.3d 604, 606-07 (7th Cir. 2019). "Unambiguous terms must be given their plain meaning" and ambiguous terms are construed in the light most favorable to the defendant. *Id.* at 607.

As part of his plea agreement, Mr. Dixson agreed "not to contest, or seek to modify, [his] conviction or sentence or the manner in which either was determined in . . . an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." Crim. Dkt. 219 at ¶ 17. The only exception to this waiver was any claim "that [he] received ineffective assistance of counsel." *Id.* This waiver is unambiguous and precludes a § 2255 motion on any claim other than ineffective assistance of counsel.

Mr. Dixson does not allege that he received ineffective assistance of counsel. Rather, he challenges the applicability of the statutory mandatory minimum sentence outlined in § 841(b)(1)(B). Because Mr. Dixson is not alleging ineffective assistance of counsel, his claim falls within the scope of the plea waiver.

### B. Knowing and Voluntary

Even though Mr. Dixson's argument falls within the scope of the plea waiver, he "may nonetheless escape application of this waiver if it was not knowing and voluntary." *Plunkett*, 16 F.4th at 255. To determine whether a waiver was knowing and voluntary, the Court "must examine the language of the plea agreement itself and also look to the plea colloquy between the defendant and the judge." *Id.* A written waiver signed by the defendant will typically be voluntary and knowing, and thus enforceable through dismissal. *Id.*; *see also Galloway*, 917 F.3d at 606.

A review of the plea agreement and plea colloquy confirms that Mr. Dixson's waiver was knowing and voluntary. First, the plea agreement contains a written, unambiguous waiver of Mr. Dixson's right to contest his conviction or sentence "in any later legal proceeding, including but not limited to, an action brought under . . . 28 U.S.C. § 2255." Crim. Dkt. 219 at ¶ 17. Mr. Dixson signed the plea agreement containing this written waiver. *Id.* Second, Mr. Dixson expressed no misunderstanding or hesitation concerning this waiver during the plea colloquy. When reviewing the rights Mr. Dixson waived by pleading guilty, the Court explained that he was "generally giving up [his] right to file any postconviction challenge to [his] conviction or sentence with two exceptions." Crim. Dkt. 1456 at 18-19. Mr. Dixson stated that he understood that waiver, as well as the exceptions to that waiver. *Id.* at 19. The Court also asked Mr. Dixson whether he "agree[d] to give up those rights of [his] own free will," and Mr. Dixson indicated that he waived those rights "of [his] own free will and after consulting with [his] attorney." *Id.* at 19-20. At no time during this exchange did Mr. Dixson express confusion about the waiver or otherwise indicate that it was involuntary. On this record, there is no indication that Mr. Dixson's waiver was anything other than knowing and voluntary, and thus it is enforceable. *Plunkett*, 16 F.4th at 256 (finding waiver knowing and voluntary because defendant not only signed a written waiver, but "also attested in his plea colloquy . . . to the fact that he made the waiver knowingly and voluntarily").

## IV. Conclusion

Mr. Dixson knowingly and voluntarily waived his right to file a § 2255 motion. His current § 2255 motion falls within the scope of that waiver and therefore must be **dismissed**. This action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk **shall docket a copy of this Order in No. 1:17-cr-00222-JMS-TAB-4**. The motion to vacate, Crim. Dkt. [1194], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Dixson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 11/30/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

NATHANIEL DIXSON
16028-028
PEKIN - FCI
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov